```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


J&J SPORTS PRODUCTIONS, INC.    :      CIVIL ACTION
                                :
         v.                     :
                                :
HOMETOWN TAVERN, INC.           :      NO. 07-cv-05060-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      March 30, 2009

      Plaintiff purchased the exclusive nationwide television distribution rights to a championship boxing match.  Plaintiff alleges that in violation of various statutes, specifically 47 U.S.C. § 605, the defendant exhibited the television program in its bar, without having any lawful right to do so.  No response to plaintiff's complaint was filed by any of the named defendants, and the Clerk has entered a default.  Now before the Court is plaintiff's motion for default judgment, which was scheduled for an evidentiary hearing on March 26, 2009.

      At the time of the hearing, it developed that the only remaining defendant is Hometown Tavern, Inc., the owner and operator of the establishment at which the unauthorized broadcast of the fight occurred.

      Plaintiff presented a memorandum of law and other materials from its California counsel, asserting that the correct award of damages would be in excess of $100,000, but no actual evidence was presented.

This same plaintiff has repeatedly brought actions in various courts around the country, against establishments which, without permission, broadcast programs for which plaintiff had the exclusive broadcast rights.  In the course of this activity, plaintiff and its California counsel have repeatedly been criticized for seeking excessive damages to which they were not entitled.  Such rulings and warnings seem to have fallen on deaf ears.

I conclude that the plaintiff is entitled to an award of statutory damages of $1,000; that this amount should be somewhat increased because it appears probable that the defendant charged its patrons a $5 cover charge on the night in question, and that there were 45 such patrons, for a total of $225.  I am also influenced by the suggestion in the record that the defendant could have obtained a license from the plaintiff for a relatively modest sum.  All in all, I conclude that an award of $3,500 is appropriate.  I decline to award counsel fees, in view of counsel's misconduct.  Judgment will be entered in a separate order.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.